**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

TAMEKIA HOLMES,

    Plaintiff,

                 Case No.

                 **Trial by jury demanded.**

RESIDENTIAL OPTIONS, INC.,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, TAMEKIA HOLMES, by and through her attorneys, Case + Sedey, LLC, and for her Complaint at Law against Defendant, RESIDENTIAL OPTIONS, INC., states as follows:

### Introduction

1.  This action arises under the Illinois Human Rights Act and the Family & Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., as amended ("FMLA").

### Jurisdiction and Venue

2.  Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331.  Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. § 1391(b).

### The Parties

3.  Plaintiff, Tamekia Holmes ("Plaintiff"), is a citizen of the United States and a resident of Alton, Madison County, Illinois.  Plaintiff was at all relevant times employed by

Defendant Residential Options Inc. and was an "employee" as defined by the aforementioned statutes.

4.      Defendant, Residential Options Inc. ("Defendant"), is a limited liability company registered and doing business in Alton, Madison County, Illinois.  At all relevant times, Defendant had more than fifty employees and was an "employer" as defined by the aforementioned statutes.

## Factual Allegations

5.      Plaintiff began working for Defendant in May 2018 as a direct support staff. She was promoted to Team Lead in May 2019.

6.      Plaintiff was successful in that role and consistently rated as meeting or exceeding expectations until May 2021.

7.      Prior to working for Defendant, in 2017 Plaintiff was diagnosed with and treated for breast cancer. Her treatments included chemotherapy, radiation, a partial mastectomy and lymph nodes removal. As a result of these treatments, Plaintiff was left with a compromised immune system, making her more susceptible to viruses and other infections compared to someone who had not undergone the same treatments. As a result, Plaintiff could more easily catch viruses and have more severe symptoms than the average non-immunocompromised person. Occasionally, a simple virus would render her sick enough that she had to take time off work.

8.      In Spring of 2021, LaTonja Wilson became Plaintiff's manager. Ms. Wilson had little to no tolerance for Plaintiff's use of sick time. It was around this time that Ms. Wilson began to retaliate against Plaintiff.

9.      In June of 2021, Plaintiff received her first ever below average annual review from Ms. Wilson. Despite that Plaintiff had not exceeded her allotted sick time, Ms. Wilson cited

her "habitual call-ins" as the reason for her poor review and placed her on a Performance Improvement Plan ("PIP").

10.    Later that week, Plaintiff had a meeting with Sharon Smith, Director, to discuss her review. Plaintiff informed Ms. Smith of her history of breast cancer and her compromised immune system. Plaintiff assured Ms. Smith that if she ever took sick time it was because she was very ill and could not physically work.  Ms. Smith told Plaintiff that she would schedule weekly meetings with her and Ms. Wilson. She did not however, change Plaintiff's low rating or inform Plaintiff of her FMLA rights.

11.    In the months that followed, Ms. Wilson's treatment of Plaintiff worsened. She began to micromanage and nitpick at Plaintiff. For example, Plaintiff called in sick one day and was written up by Ms. Wilson for calling the wrong manager.

12.    Then, in September 2021, Plaintiff applied for another position in the company but Ms. Wilson blocked her from doing so, telling her that she was not eligible because of her low rating. After this, Ms. Wilson abruptly and without prior warning moved Plaintiff to the night shift. This change was so fast that it disrupted Plaintiff's sleep schedule which further weakened her immune system to the point that she became ill and had to take a few days off to recuperate.

13.    On October 1, 2021, Ms. Wilson terminated Plaintiff for alleged excessive absences. At the time of her termination, Plaintiff still had vacation and sick days remaining.

## Administrative Prerequisites

14.    On April 11, 2022, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") alleging disability discrimination against Defendant (Charge No. 2022SF1200).

15.     Plaintiff received a Notice of Right to Sue from the IDHR via US Mail on November 28, 2022.

<u>COUNT I</u>
<u>DISABILITY DISCRIMINATION IN VIOLATION OF THE</u>
<u>ILLINOIS HUMAN RIGHTS ACT</u>

16.     Plaintiff incorporates by reference paragraphs 1-15 as though fully set forth in the Count I.

17.     Plaintiff's compromised immune system is a disability as defined by the Illinois Human Rights Act.

18.     Defendant discriminated against Plaintiff based on her disability and treated her differently than her non-disabled counterparts when it issued her a poor review, subjected her to increased scrutiny and, ultimately, terminated her.

19.     As a direct and proximate result of these acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.     Enter a finding that Defendant discriminated against her based on her disability in violation of the Illinois Human Rights Act;

B.     Enter a finding that Defendant discriminated against her with malice and reckless indifference for Plaintiff's rights under the Illinois Human Rights Act;

C.     Award her lost wages, lost benefits, and front pay;

D.     Award her compensatory and punitive damages;

E.     Award her prejudgment interest;

F.     Award her reasonable attorneys' fees and costs; and

G.     Award her any further relief that the Court may deem just and appropriate.

## COUNT II
## INTERFERENCE IN VIOLATION OF THE FMLA

20.     Plaintiff incorporates by reference paragraphs 1-15 as though fully set forth in the Count II.

21.     Plaintiff was an eligible employee as defined by the FMLA.

22.     Upon learning of her compromised immune system, Defendant interfered with Plaintiff's rights under the FMLA by failing to apprise her of her rights to leave and by refusing to consider the days she took off work for illness as covered by the FMLA.

23.     As a result, Defendant disciplined and then terminated Plaintiff for taking what should have been FMLA-protected time off.

24.     Defendant knowingly, intentionally and willfully interfered with Plaintiff's FMLA rights.

26.     As a direct and proximate result of said acts, Plaintiff has suffered loss of income and other benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.     Enter a finding that Defendant interfered with her rights in violation of the FMLA;

B.     Enter a finding that Defendant intentionally interfered with these rights;

C.     Award her lost wages, lost benefits, and front pay;

D.     Award her liquidated damages;

E.     Award her reasonable attorneys' fees and costs; and

F.     Award her any further relief that the Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully Submitted,

TAMEKIA HOLMES

By:    /s/     *Kristin M. Case*
       One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800
kcase@caseandsedey.com